Corwin, C. J.
This is a proceeding in chancery, reserved in the district court of Butler county, by reason of an equal division ef opinion among the judges of that court.
The disagreement in the court below must have been upon the questions of fact in the case, which are very voluminous, and with the recital of which we do not feel it important to incumber our reports. A decree may be entered in conformity with the opinions here expressed, upon the legal questions, which we find applicable to the facts as we have ascertained them to be.
1. We think it ought to be considered as settled, that when A furnishes B with money to be invested in land, which is so invested, *294 B taking the title in himself, the title thus acquired, is held intrust for A. And that, upon the death of B without the execution of the trust, the title will descend to his heirs incumbered with the trust estate.
2. When trust arises by operation of law, it may be proven by parol.
3. An alteration in a material part, made by a party beneficially1 interested in a bond, given by a trustee to evidence the interest of his cestui que trust, without the knowledge of the trustee, and subsequently to its execution, will destroy the bond, but will not operate to destroy an estate which existed before and independently of the bond.
4. Nor is such original estate in any conceivable manner affected by a will of the trustee, which has never been set up and established, but which has been given up as invalid, and destroyed, with the concurrence of all the heirs and devisees of such testator. *5. A proceeding in partition, under our statute, deals with legal titles only, and may be had without prejudice to equities in the premises.
6. A trustee can not, by a sale of a trust estate, on proceedings in partition, at which he is the purchaser, defeat the estate of the cestui que trust; and the statute of limitations can no more run in his favor after such purchase than it would before.
The evidence in the case satisfies us that the complainants have an equitable interest in the one-third of the tract described in the bill, being on the north side of said tract, in right of Chester Wil-liaros, their ancestor. That they also, in the same right, derived a legal-and equitable title to one-third of the residue of said tract, which was the interest of said Chester Williams, as heir of Lewis Williams, deceased. That the alleged receipts of Chester Williams to Isaac Yan Tuyl, for his share of the proceeds of the sale of said premises, were obtained by said Isaac Yan Tuyl, by imposition and fraud upon a weak and imbecile man, and without any consideration. That the defendant Reily is an innocent purchaser of said premises from said Yan Tuyl, and liable to complainants only for the balance of the purchase money due thereon, with the accruing interest, and that complainants are entitled to a decree against said Yan Tuyl, for the balance of their proportion thus ascertained, of the amount for which said premises were sold by him to said Reily, *295 with interest thereon from the time the payments were made to him.
Eor the purpose of ascertaining which several amounts, the cause is referred to a special master, etc., to report in accordance with this opinion.